UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23818-CIV-SEITZ/SIMONTON
<u>CONSENT CASE</u>

FELIX SANTOS, et al.,

    Plaintiffs,

v.

CUBA TROPICAL, INC.,
and JOSE L. RODRIGUEZ,

    Defendants.
_____/

<u>ORDER ON MOTIONS IN LIMINE</u>

    This matter is before the Court following the Pretrial Conference in this case. Based upon the parties' written consent, this case has been referred by the Honorable Patricia A. Seitz to the undersigned Magistrate Judge to conduct all further proceedings (DE # 62).  On September 23, 2011, the undersigned held the Pretrial Conference, at which Edilberto Marban and Isaac Mamane appeared on behalf of Plaintiffs, and Carmen Rodriguez appeared on behalf of Defendants (DE # 91).  The Court heard argument on Defendants' Motion for Partial Summary Judgment (DE ## 70, 71) and Plaintiffs' Motion in Limine (DE # 85), both of which have been fully briefed (DE ## 72, 75, 81 (Motion for Partial Summary Judgment); 89, 90 (Motion in Limine)).  The undersigned ruled on Plaintiffs' Motion in Limine and addressed other pretrial matters at the Pretrial Conference, stating the reasons for the rulings on the record.[1]  This Order sets forth these rulings on Plaintiffs' Motion in Limine and incorporates by reference the reasons for them stated at the Pretrial Conference.

---

[1] The undersigned reserved ruling on the Motion for Partial Summary Judgment, which was addressed by a separate Endorsed Order (DE # 93).

Plaintiffs' Motion in Limine includes several components, each of which is addressed below:

1. **Evidence of Certain Records of Plaintiffs**

Plaintiffs contend that Defendants seek to introduce as evidence certain tax, income and employment forms of Plaintiffs (DE # 85 at 1). Plaintiffs argue that these materials are irrelevant, and such extrinsic evidence, used to attack the general credibility of a witness, is prohibited by Federal Rule of Evidence 608(b) (DE ## 85 at 2-3; 90 at 1-3). Defendants principally argue that a determination on this issue is premature, as several factors that affect the propriety of introducing such evidence cannot be resolved at this time (DE # 89 at 2-3). As stated at the Pretrial Conference, the undersigned finds that, at this time, Plaintiffs' Motion with respect to this issue is premature. Defendants shall notify Plaintiffs and the Court before mentioning or using the noted information at trial. Plaintiffs' Motion with respect to this issue, therefore, is denied, without prejudice to renew at trial, if appropriate, for the reasons stated at the Pretrial Conference.

2. **Witness Mildred Bautista**

Plaintiffs seek to exclude any testimony of Mildred Bautista, as untimely disclosed, arguing that Defendants have intentionally withheld disclosure of this witness to gain an unfair advantage at trial. Alternatively, Plaintiffs seek to depose this witness before trial (DE ## 85 at 4-5; 90 at 3-4). Defendants respond that this witness was properly disclosed during the course of discovery, as sanctioned by the Federal Rules of Civil Procedure. In addition, Plaintiffs were aware of the role of Mildred Bautista in this case, as evidenced by their own testimony. Finally, Defendants assert that Plaintiffs should not be able to depose this witness as it would occur well beyond the close of discovery (DE # 89 at 3-5). As stated at the Pretrial Conference, the undersigned finds

that the deposition of Mildred Bautista shall be allowed, and shall be set at the mutual convenience of the parties before trial. Therefore, for the reasons stated at the Pretrial Conference, Plaintiffs' Motion with respect to this issue, is granted in the manner described herein.

    3.    **References to Schedules Drafted by Hugo Lepe**

Additionally, Plaintiffs seek to exclude certain work schedules prepared by Plaintiffs' former supervisor, Hugo Lepe. Plaintiffs argue that these schedules were not kept in the ordinary course of business but, in contrast, were prepared for this litigation. Accordingly, they should be excluded as self-serving hearsay statements pursuant to Federal Rules of Evidence 801 and 802, and do not fall into any hearsay exception (DE # 85 at 5-6). Defendants respond that the records should not be excluded because Mr. Lepe can testify with first-hand knowledge as to Plaintiffs' work schedules, which he prepared in his official capacity. Further, Mr. Lepe did not rely on any third-parties in preparing the schedules, and can testify as to the details of their preparation (DE # 89 at 5-6). Plaintiffs reply that Defendants' arguments do not negate the hearsay character of these schedules (DE # 90 at 4). As stated at the Pretrial Conference, the undersigned reserved ruling on the admissibility of these schedules to see if Defendants can establish at trial a proper foundation for them. Defendants shall advise Plaintiffs and the Court of their intent to use these schedules prior to their use. Therefore, for the reasons stated at the Pretrial Conference, the undersigned reserves ruling on Plaintiffs' Motion with respect to this issue.

    4.    **Post-Employment Information**

Plaintiffs expect Defendants will seek to introduce evidence of Plaintiffs' post-employment activities regarding subsequent work positions or unemployment compensation. Plaintiffs move to exclude this evidence as irrelevant and improper

collateral impeachment (DE ## 85 at 6-7; 90 at 4-5).  Defendants respond that this request to exclude is overbroad, vague and premature; furthermore, Defendants are concerned that Plaintiffs possess related information that has not been provided to Defendants (DE # 89 at 6-8).  At the Pretrial Conference, Defendants stated that they did not intend to use any of this information in their case-in-chief.  The undersigned required Defendants to advise the Court before using any of this information at trial.  In addition, to the extent Plaintiffs possess materials relevant to this issue, the undersigned ordered Plaintiffs to provide copies of the materials to Defendants; Defendants were also ordered to turn over copies of related records they had received, as described at the Pretrial Conference, upon request from Plaintiffs.  The undersigned otherwise concluded that it was premature to rule on the admissibility of these records, and ordered that there shall be no reference to Plaintiffs' subsequent post-employment activities or unemployment, prior to advising the Court.  Therefore, for the reasons stated at the Pretrial Conference, the undersigned reserves ruling on Plaintiffs' Motion with respect to this issue.

      5.      **Evidence That Other Workers Did Not Join This Action**

Plaintiffs seek to exclude any reference to evidence that other similarly situated employees chose not to join this action, arguing that such reference is irrelevant to Plaintiffs' claims (DE ## 85 at 7; 90 at 5).  Defendants contend that such an exclusion is overbroad and premature, and this issue is better treated at trial, as necessary (DE # 89 at 8).  As stated at the Pretrial Conference, generally, evidence that others did not join Plaintiffs' suit is inadmissible and shall be excluded, unless a similarly situated worker testifies at trial.  Therefore, for the reasons stated at the Pretrial Conference, Plaintiffs' Motion with respect to this issue is granted, in part, as stated herein.

      6.      **Reference to Financial Condition of the Business**

Plaintiffs also seek to exclude any reference to the financial condition of the Defendant corporation, contending that this information is irrelevant and unfairly prejudicial (DE ## 85 at 7; 90 at 5). Defendants offer the same response as above to Item No. 5. As stated at the Pretrial Conference, Defendants shall not elicit testimony regarding the financial condition of the Defendant corporation before notifying the Court and Plaintiffs of its intent to do so. Therefore, for the reasons stated at the Pretrial Conference, Plaintiffs' Motion with respect to this issue is granted, in part, as described herein.

      7.      **Testimony by Witnesses Without Personal Knowledge**

Finally, Plaintiffs seek to exclude any testimony from witnesses who are not testifying as to their personal knowledge. Specifically, Plaintiffs identify Hugo Lepe as unable to testify from personal knowledge as to the motivation of Plaintiffs to work when paid hourly as opposed to by salary. Such testimony, Plaintiffs continue, should be excluded as it violates the Federal Rules of Evidence and is inadmissible opinion (DE ## 85 at 7-8; 90 at 5-6). Defendants respond that Mr. Lepe possesses personal knowledge that allows him to testify to these matters, and that Plaintiffs' Motion is otherwise premature and should be addressed at trial (DE # 89 at 8-9). As stated at the Pretrial Conference, witnesses are restricted to testimony based on personal knowledge. Any further ruling as to this matter is reserved for the time of trial. Therefore, for the reasons stated at the Pretrial Conference, the undersigned reserves ruling on Plaintiffs' Motion with respect to this issue.

Having heard from the parties, and for the reasons stated on the record, it is hereby

6

**ORDERED AND ADJUDGED** that Plaintiffs' Motion in Limine (DE # 85) is **GRANTED, IN PART, AND DENIED, IN PART**, as described in the body of this Order.

**DONE AND ORDERED** at Miami, Florida, on November 2, 2011.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record**